PEOPLE ex rel. FUHRY v. BOARD OF EXCISE. 269

Hun.]                   SECOND DEPARTMENT, DECEMBER TERM, 1895.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN A. FUHRY, Appellant, v. THE BOARD OF EXCISE OF THE CITY OF BROOKLYN, Respondent.

*Boards of excise — when the court will not interfere with the refusal of the board to consent to a change in the place of business.*

Boards of commissioners of excise are organized for the purpose of regulating the sale of liquors and they are clothed with power and discretion to determine whether a license shall be issued to a particular person or for a specified locality.

It was not the intention of the Legislature to transfer the discretion vested in the boards of excise of this State to the courts or to judges.

Where an assignee of a person, to whom a license to sell liquor has been granted, applies to an excise board for permission to carry on business under the same license at another place in the same city for the balance of the term, upon the discontinuance of the business conducted on the premises for which the license was originally granted, and the application is denied by the board, the court will not interfere with the determination where it cannot determine that the application was denied arbitrarily or without good or valid reasons therefor.

APPEAL by the relator, John A. Fuhry, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 26th day of July, 1895, quashing and dismissing a writ of certiorari theretofore granted in the proceeding.

*Francis A. McCloskey*, for the appellant.

*Jacob Brenner*, for the respondent.

DYKMAN, J.:

On the 25th day of October, 1894, the board of excise of the city of Brooklyn granted a license to F. W. Coddington to sell spirituous liquors at 156 Conover street, in that city, for one year. That license seems to have been assigned to the relator, but the fact is not clearly stated.

On the 24th day of December, 1894, the relator made an application to the excise board for permission to carry on the business under Coddington's license at No. 313 Bedford avenue, in the city of Brooklyn, for the balance of the term of such license upon discontinuance of the business on the premises for which the license was originally granted. The application was denied, and the relator

instituted this proceeding by a certiorari to review the action of the board which resulted in such denial.

The writ is authorized by section 24 of chapter 401 of the Laws of 1892. The case was heard before a justice of this court, and decided against the relator, who has appealed from the order. Section 24 of the statute, which authorizes the writ, closes with these words: "If such court shall, upon the hearing, determine that such application for a license has been by such board arbitrarily denied, or denied without good or valid reasons therefor, such court may make an order commanding such board of excise to grant such application, and to issue a license to such applicant upon the payment of the proper license fee."

Although the converse of the rule is not laid down, yet it is to be assumed that if the court cannot determine that the application for a license has been arbitrarily denied, or has been denied without good or valid reasons therefor, the issuance of the license will not be commanded.

Boards of commissioners of excise are organized for the purpose of regulating the sale of liquors, and they are clothed with power and discretion to determine whether a license shall be issued to a particular person or for a specified locality. So long as their action is within the scope of their powers, and is just and reasonable, and free from oppression, it is subject to no judicial control.

It was not the intention of the Legislature to transfer the discretion vested in the boards of excise of this State to the courts or judges.

The purpose of the statute is to prevent arbitrary and unreasonable action, and afford relief where it has been exercised.

There is nothing in the record of this case to show arbitrary, unreasonable or even inconsiderate action. On the contrary, the proceeding from first to last was marked by deliberation.

A full opportunity was offered for a public hearing, and a case was presented to the court for the exercise of its judgment. The facts deduced are amply sufficient to exculpate the commissioners from the charge of arbitrary or unreasonable action, and the order should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Order affirmed, with ten dollars costs.